UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 8:17-cr-354-CEH-CPT

MICHAEL MOORE
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion for Compassionate Release (Doc. 125). In his motion, Defendant Michael Moore requests release from prison because his medical conditions, coupled with the Omicron variant of COVID-19, presents a grave danger to Defendant if he is required to stay in the confined space of the prison facility. The Government filed a response in opposition. Doc. 128.[1] The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

On December 7, 2017, following a three-day jury trial, Defendant, Michael Moore, was found guilty of Count One of the Indictment charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Docs. 1, 76. On March 21, 2018, the Court entered judgment sentencing

---

[1] Defendant sought leave to file a reply to the Government's response. The Court granted Defendant 60 days in which to submit his reply. Doc. 131. The reply was due by April 11, 2023. *Id.* at 2. To date, no reply has been filed, and the time for filing a reply has expired. The Court does not need a reply from Defendant to rule on the motion.

Defendant to a term of imprisonment of 188 months, followed by a five-year period of supervised release and other conditions. Doc. 103. Defendant, who is currently 42 years old, is incarcerated at Coleman Medium FCI with an expected release date of March 2, 2031. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed April 19, 2023).

A. **Defendant's Motion**

On April 20, 2022, Defendant, proceeding *pro se*, filed a motion seeking a reduction in his sentence claiming extraordinary and compelling circumstances support his early release because he suffers from medical conditions that make him more susceptible to becoming seriously ill if he were to contract COVID-19. Doc. 125. Specifically, Defendant argues his medical condition of hypertension, coupled with the potential risk of being infected with the Omicron variant of the COVID-19 virus, poses a higher risk to Defendant in the confined conditions of the prison environment, particularly where the facility is not effectively managing the pandemic. *Id.*

B. **Government's response:**

The Government filed a memorandum opposing Defendant's motion and argues the motion should be denied because Defendant's cited medical conditions do not constitute compelling and extraordinary reasons to support compassionate release, and the § 3553(a) factors weigh against a reduction in Defendant's sentence. Doc. 128.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

>>person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.  DISCUSSION

Defendant states he has exhausted his administrative remedies; the Government agrees. Attached to the Government's response is a copy of Defendant's March 2022 request for compassionate release directed to the warden of his facility. Doc. 128-4. Although administrative exhaustion is satisfied, Defendant's motion nevertheless fails because Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in his sentence.

The Sentencing Guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Although Defendant complains of suffering "from a vast series of medical conditions," he only specifically identifies hypertension, and, as it relates to his hypertension, Defendant fails to establish that his hypertension is a serious or advanced illness or that his condition "substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover." *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). Defendant fails to carry his burden of establishing extraordinary and compelling circumstances exists where he has provided no medical records to support his claim.

The Government attaches some medical records to its response. Doc. 128-3. The records document that Defendant has a history of hypertension and hyperlipidemia. *Id.* at 6. The records further indicate that when seen by Health Services in March 2022, that Defendant was "doing well," "asymptomatic," and with "no complaints." *Id.* Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling

6

reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care); *see also United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (finding defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, where his conditions were found to be "manageable in prison, despite the existence of the COVID-19 pandemic").

Defendant claims the COVID-19 pandemic coupled with his hypertension establishes "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D).  As a preliminary matter, the Eleventh Circuit has held that "the confluence of [an inmate's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *Giron*, 15 F.4th at 1346-47 (11th Cir. 2021); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release).

In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with

7

health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

Moreover, Defendant has been vaccinated for COVID-19 (Doc. 128-3 at 25), which further supports a finding that extraordinary and compelling circumstances do not exist. *See United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 845–46 (D. Ariz. 2021) (collecting cases); *see, e.g.*, *United States v. Brown*, No. 16-CR-436 (KMW), 2021 WL 1154207, at *3–4 (S.D.N.Y. Mar. 26, 2021) (denying compassionate release and noting that because the defendant "will soon be fully vaccinated, any risk that he may become severely ill from COVID-19 will be reduced significantly"); *United States v. Stiver*, No. CR 17-64, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021) ("Given Defendant's vaccination, the Court does not find 'extraordinary or compelling reasons' for release."); *United States v. Gabbard*, No. CR 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) ("In light of [the defendant receiving the first dose of the COVID-19 vaccine and being scheduled for the second], this Court does not believe that Defendant has established extraordinary and compelling circumstances that warrant her release."); *United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) ("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison.").

"When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). The Court finds above that no extraordinary and compelling reason exists to support a reduction in sentence, and thus, an analysis of the § 3553(a) factors is not warranted. But, even considering the § 3553(a) factors, they do not weigh in favor of a reduction in sentence given Moore's history of being an armed career criminal and the seriousness of his multiple drug offenses. Defendant's early release would pose a danger to the community.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc. 125) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on May 7, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties